**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOSHUA JENKINS,** | § | |
| | § | |
| **v.** | § | **A-18-CV-055-LY** |
| | § | |
| **UNITED STATES OF AMERICA, et al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is Joshua Jenkins' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. # 1). The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

On April 16, 2013, Petitioner Joshua Jenkins was charged in a one-count indictment with: Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(c). On March 31, 2015, Jenkins entered a plea of guilty to the indictment. On May 29, 2015, United States District Judge Sam Sparks sentenced Jenkins to an 80-month term of imprisonment, with credit for all time continuously spent in custody, state or federal, from December 23, 2012, followed by a four-year term of supervised release, and ordered that Jenkins pay a $100 mandatory assessment fee. A direct appeal was not taken.

On October 16, 2017, Jenkins filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The District Court has yet to rule on that motion.

Jenkins is currently confined at the United States Federal Correctional Institution located in Forrest City, Arkansas. He is proceeding pro se. Although Jenkins is currently incarcerated in Arkansas, on January 22, 2018, he filed the instant Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Western District of Texas. In his Petition, Jenkins complains that the Bureau of Prisons has failed to properly calculate his sentence, because he is entitled to all pre-sentence detention credit, including good time credit, which the BOP has not properly credited him.

## II. ANALYSIS

In his § 2241 Petition, Jenkins is attempting to challenge the Bureau of Prisons calculation of his sentence. A section 2241 petition is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005). The Court is unable to address Jenkins' claims, however, because the Court does not have jurisdiction to entertain the instant § 2241 Petition. Section 2241 confers upon federal courts the authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241. The Fifth Circuit has repeatedly held that "the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition."[1] *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999)). Thus, only the Eastern District of Arkansas, where Jenkins is currently incarcerated, has jurisdiction to entertain his § 2241 Petition. Because it lacks jurisdiction, and is unable to address the merits of the instant § 2241 Petition, the Court recommends that the District Court dismiss the instant § 2241 Petition without

---

[1]The Fifth Circuit clarified in *Lee* that this ruling applies to "both § 2241 petitions brought to contest the manner in which a prisoner's sentence is carried out and § 2241 petitions brought to attack the validity of a prisoner's sentence." *Id.* at 375 n. 4.

2

prejudice for lack of jurisdiction. If Jenkins desires, he may file a § 2241 petition in the eastern District of Arkansas, where he is incarcerated.

## III. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Joshua Jenkins' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. # 1) without prejudice for lack of jurisdiction.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 23rd day of January, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE